**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ANTONE L. TAYLOR
ADC #154829                                                                                          PLAINTIFF

V.                                      CASE NO. 1:13CV00067 DPM/BD

RICHARD FRY                                                                                       DEFENDANT

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file objections to this Recommendation.

Objections must be written, and they must be specific and include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.    Discussion:

Antone Taylor, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983, complaining of sexual harassment. (Docket entry #2) He named Sergeant Richard Fry and Assistant Deputy Warden Christopher Bunik as Defendants. (Docket entry #2) The Court previously dismissed Mr. Taylor's claims against Defendant Bunik, as well as his defamation and equal protection (styled as sexual discrimination) claims. (#8) Mr. Taylor was allowed to proceed on his sexual harassment claim against Defendant Fry.

Defendant Fry has now moved for summary judgment on Mr. Taylor's claims against him.[1] Mr. Taylor has not responded to the motion and the time for doing so has passed.

Based on the undisputed evidence presented, the Court recommends that Defendant Fry's motion for summary judgment (#18) be GRANTED. Mr. Taylor's

---

[1] The Court notes that Defendant Fry filed both an original and an amended motion for summary judgment. (#15, #18) The Court will address the arguments made in the amended motion for summary judgment. (#18) The original motion for summary judgment (#15) should be DENIED as moot.

claims should be dismissed without prejudice based on his failure to exhaust administrative remedies as required by federal law.

### III. Discussion:

####    A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving party must first present evidence that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

####    B. Exhaustion

Defendant Fry contends that Mr. Taylor failed to fully exhaust a grievance against him and that his claims, therefore, must be dismissed.  It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C.

§ 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").

For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The prison's procedures, rather than the Prison Litigation Reform Act, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Here, it is undisputed that Mr. Taylor failed to exhaust any grievance against Defendant Fry. Defendant Fry attaches to his summary judgment motion the affidavit of Barbara Williams, Inmate Grievance Supervisor. (#18-7) Ms. Williams specifically testified that Mr. Taylor failed to fully exhaust any grievance regarding Fry. (#18-7 at p.3) In addition, during his deposition, Mr. Taylor admitted that he did not file any grievance against Defendant Fry. (#18-1 at p.17) Although Mr. Taylor stated that ADC officials failed to return his original grievance (informal resolution) papers, he admits that he did not proceed to step two of the inmate grievance procedure and submit a formal grievance, as provided by ADC policy. (#18-1 at p.17; #18-6 at p.7)

Mr. Taylor has not come forward with any evidence showing that he was prevented from fully exhausting his claims against Defendant Fry. Accordingly, there is

no genuine dispute regarding exhaustion, and Defendant Fry is entitled to judgment as a matter of law.

IV.     **Conclusion:**

The Court recommends that Defendant Fry's motion for summary judgment (#18) be GRANTED, and that Mr. Taylor's claims be DISMISSED, without prejudice.

DATED this 9th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE